Byron **BRONSTEIN**, Plaintiff,

v.

Kenneth S. **APFEL**, Commissioner of Social Security, Defendant.

No. CIV.A. 00–K–1223.

United States District Court, D. Colorado.

Aug. 13, 2001.

---

Byron R. Bronstein, Denver, CO, Pro Se.

Yvette G. Keesee, Social Security Admin., Denver, CO, for Defendant.

## ORDER ON PENDING MOTIONS

KANE, Senior District Judge.

In this action Plaintiff Byron Bronstein, appearing *pro se*, challenges the decision of the Social Security Administration ("SSA") to begin recouping an alleged overpayment of Supplemental Security Income ("SSI") benefits before holding a hearing. Defendant Kenneth S. Apfel, as Commissioner of the SSA, asserts Mr. Bronstein failed to exhaust his administrative remedies before bringing suit and therefore moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Mr. Bronstein has also filed a motion for joinder of claims based on the SSA's renewed withholding of benefits from his monthly SSI check in connection with the alleged overpayment. For the reasons stated below, I deny the SSA's motion to dismiss and deny Mr. Bronstein's motion as moot.

### *STATUTORY AND REGULATORY BACKGROUND*

Title XVI of the Social Security Act ("Act") provides for the payment of disability benefits to indigent persons under the SSI program. *See* 42 U.S.C. §§ 1381–1383d; *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Section 1631(b)(1) of the Act authorizes the SSA to recoup overpayments of benefits to SSI recipients. 42 U.S.C. § 1383(b)(1). If the recipient is currently receiving SSI benefits, the overpayment may be recouped by reducing the amount of his or her future SSI payments until the entire overpayment amount has been recovered. *Id.;* 20 C.F.R. §§ 416.570, 416.571 (2000).

The process to recoup an alleged overpayment from on-going SSI payments begins with the SSA notifying the overpaid individual that he or she has received excess SSI benefits, the amount of the overpayment, how the overpayment came about, the rate at which it will be recouped from future SSI benefit payments and the date, at least 60 days in the future, when recoupment will begin. SSA Programs Operations Manual System § 02201.025A (Feb.2001)[hereinafter "POMS"];[1] see 20 C.F.R. § 416.558(a). The notice must also inform the SSI recipient of his right to appeal the SSA's overpayment determination by submitting a request for reconsideration and also his right to seek a waiver of the repayment obligation or a different rate of recoupment. Id. A request for reconsideration generally must be submitted to the SSA within 60 days of the individual receiving the notice of overpayment. 20 C.F.R. § 416.1409. A request for waiver may be submitted at any time, including after the overpayment has been completely recovered. POMS, §§ SI 02220.001A.4.b, SI 02220.017A.4.c; see 42 U.S.C. § 1383(b)(1)(B) (no deadline set for requesting waiver).[2]

If a request for reconsideration or waiver is made within 30 days of the notice of overpayment, SSA policy, consistent with relevant authority, is to begin recoupment through a reduction in benefits "only after the determination is made on the request." POMS, § SI 02220.001A.2; see 20 C.F.R. § 1404(c) (individual has right to reconsideration before initial determination to reduce benefits goes into effect). If recoupment is inadvertently made during this period, the benefits withheld are refunded to the individual.[3] POMS, § SI 02220.017A.4.d. If a request for reconsideration or waiver is filed more than 30 days after receipt of the overpayment notice, recoupment is halted and, effective the month of the request, any payments that were withheld to recover the overpayment are refunded. Id. § SI 02220.017A.4.e.

From this point, requests for reconsideration and waiver follow slightly different paths. A request for reconsideration is the first step in the standard process for appealing an SSA determination.[4] 20 C.F.R. §§ 416.1400, 416.1407. At this stage of the appeals process, an SSI beneficiary appealing an initial overpayment determination may select a case review, an informal conference or a formal conference as the vehicle through which to make his or her case against the overpayment determination. See 20 C.F.R. §§ 416.1413, 416.1413b. If the individual selects one of

---

1. POMS sets forth the SSA's official policies and procedures for carrying out its responsibilities under the Social Security Act. See, e.g., Colavito v. Apfel, 75 F.Supp.2d 385, 403 n. 26 (E.D.Pa.1999). While these policies and procedures do not have the force of law and are not binding on the agency, Berger v. Apfel, 200 F.3d 1157, 1161 (8th Cir.2000); see Schweiker v. Hansen, 450 U.S. 785, 789, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (regarding POMS predecessor), they represent the SSA's interpretation of the law, including its governing statutes and regulations. See, e.g., Wilson v. Apfel, 81 F.Supp.2d 649, 653 (W.D.Va.2000).

2. A request for a different rate of recoupment may also be made at any time during the recoupment period. POMS, §§ SI 02220.017A.1, 02220.001 A.4.b; see 20 C.F.R. § 416.571.

3. Requests for a different recoupment rate filed within 30 days of the overpayment notification have the same effect. POMS, § SI 02220.001 A.2.b; see 20 C.F.R. § 416.571.

4. The second and third steps are to request a hearing before an Administrative Law Judge (ALJ) of the reconsidered determination and then request that the SSA Appeals Council review the ALJ decision. 20 C.F.R. § 416.1400(a); see Bowen v. City of New York, 476 U.S. 467, 482, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

the conference options, he or she is entitled to an oral hearing before the SSA official who will make the reconsidered determination. *Id.* § 416.1413(b), (c). At a formal conference, the individual seeking reconsideration has the right to argue his position, present written and oral evidence and examine, cross-examine and subpoena witnesses.

The SSA is required to schedule a reconsideration conference promptly upon receiving a request for one and to notify the individual in writing of the date, time and place of the conference. *See* 20 C.F.R. § 416.1413c; POMS, § SI 04020.050D.2, E. The SSA's conference notice also identifies the SSA determination to be addressed at the conference. POMS, § SI 04020.050D.2. Once the conference has been held, the SSA decision-maker prepares a written record of the conference summarizing the pertinent issues, the evidence submitted and other relevant information. POMS, § SI 04020.050B.5; *see* 20 C.F.R. § 416.1413(c). The decision-maker who presided over the conference subsequently provides the individual with written notice of the reconsidered determination, POMS § SI 04020.050F.10; *see* 20 C.F.R. §§ 416.1413(c), 416.1422, including information on how to continue the administrative appeal process by requesting a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 416.1422.

A waiver request is not an appeal of the SSA's overpayment determination but rather a request for relief authorized by section 1631(b)(1)(B) of the Social Security Act. 42 U.S.C. § 1383(b)(1)(B). Pursuant to the Act, an SSI recipient is entitled to a waiver of overpayment recoupment if the recipient was without fault with respect to the overpayment and recovery of the overpayment would defeat the purposes of the SSI program, be against equity and good conscience or (because of the small amount involved) impede the efficient or effective administration of the SSI program. *Id.; see* 20 C.F.R. § 416.550–416.556. If the SSA does not grant the waiver request immediately, its policy, consistent with relevant authority, is to notify the individual of its proposed denial of waiver, explain the basis for the proposed denial and schedule a "personal conference" for the individual to present his or her case for waiver. POMS, §§ SI 02260.006A–B, SI 02260.006D.1; *see Page v. Schweiker,* 571 F.Supp. 872 (M.D.Pa.1983) (cited in POMs; holding individual who requests waiver of SSI overpayment entitled to opportunity for prerecoupment hearing); *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (same with respect to request for waiver of overpayment of old age, survivors and disability benefits). The SSA does not make its initial determination on the waiver request until after the personal conference, POMS, § SI 02260.006, and provides notice of that determination in writing to the individual. 20 C.F.R. §§ 416.558(b), 416.1404. If the individual is dissatisfied with the outcome, he or she may appeal the decision by making a request for reconsideration of the waiver determination. POMS, § SI 02260.006B.7; *see* 20 C.F.R. § 416.1404. This reconsideration request is processed as described above.

## FACTUAL BACKGROUND

In considering the SSA's motion to dismiss, I do not presume the truthfulness of the complaint's factual allegations and may consider evidence outside of the pleadings as necessary. *See Pringle v. United States,* 208 F.3d 1220, 1222 (10th Cir.2000). The evidence submitted to date in this action establishes the following:

On March 22, 2000 and March 27, 2001, Mr. Bronstein submitted "Requests for Reconsideration" to the SSA in apparent response to a notice of overpayment he

had received at some earlier date. Decl. of Olga C. Kelley, Exh. 1. There is no evidence currently in the record concerning the date or content of the overpayment notice, but the SSA alleges the overpayment resulted from unreported earnings received by Mr. Bronstein. In his requests for reconsideration, Mr. Bronstein stated he disagreed with the SSA's determination of his earnings, that he wanted to enter the PASS (Plan for Achieving Self Support) program and that Medicaid did not cover the cost of all his medicine. *Id.* In both requests, he checked the box indicating that he wanted a formal conference. *Id.* In its briefing in support of its motion to dismiss, the SSA states it treated Mr. Bronstein's requests as requests both for reconsideration and for waiver of the overpayment. Def.'s Reply Br. at 2 & n.2.

By letter dated March 28, 2000, the SSA notified Mr. Bronstein it was reviewing his case to determine whether he was still eligible for SSI benefits and that it had scheduled an appointment with him for April 12, 2000 so it could collect information "to make sure you are still eligible" and "discuss the request for reconsideration you filed." Kelley Decl., Exh. 2. Aside from stating the date, time and place of the meeting, this notice does not contain any of the information required for notice of a formal conference on a reconsideration request or notice of a personal conference on a waiver request.

Mr. Bronstein met with SSA representative Joe Rodriguez on April 12, 2000. The only evidence in record concerning this meeting is a brief "Report of Contact" prepared by one of Mr. Rodriguez's co-workers. Kelley Decl., Exh. 3. According to this report and the SSA, at the meeting Mr. Bronstein received an "oral explanation" from Mr. Rodriguez regarding the overpayment determination and the PASS program. Decl. of Olga C. Kelley at 3. Mr. Rodriguez also requested information from

Mr. Bronstein verifying that he had stopped working. Kelley Decl., Exh. 3. The Report of Contact does not indicate that Mr. Bronstein had an opportunity to present his case for reconsideration or waiver. It does report that Mr. Rodriguez directed Mr. Bronstein's file be closed. *Id.*

Mr. Bronstein submitted additional information regarding his employment status on May 1 and May 16, 2000. Kelley Decl., Exh. 4. He did not receive a reconsidered determination of overpayment or a waiver determination from Mr. Rodriguez.

On April 1, 2000, after Mr. Bronstein submitted his requests for reconsideration or waiver and before any SSA determination on these requests or even his meeting with Mr. Rodriguez, Mr. Bronstein alleges the SSA began recouping the alleged overpayment by withholding benefits from his monthly SSI payments. Consequently, on June 14, 2000, Mr. Bronstein filed this action seeking recovery of current and future benefits withheld, claiming they had been recouped without due process because he had requested but not received a hearing before recoupment began. Mr. Bronstein subsequently alleged the SSA continued to withhold a portion of his SSI benefits through at least July, 2000. The total amount allegedly recouped by the SSA during this period is between $500 and $1000.

After requesting and receiving several of extensions of time in which to answer, the Commissioner responded to Mr. Bronstein's complaint by acknowledging it had not yet made a determination on his March, 2000 requests for reconsideration or waiver. It also contended, however, that its failure to do so deprived Mr. Bronstein of an administrative "final decision" subject to review in this court and sought dismissal on this basis.

Following the conclusion of briefing on this motion, Francine Nordman of the SSA

issued to Mr. Bronstein a Notice of Reconsideration addressing the earnings, PASS and Medicaid issues stated by Mr. Bronstein in his March, 2000 requests for reconsideration or waiver. Def.'s Notice of Administrative Determination, Exh. 1. This notice does not reference or discuss the SSA overpayment determination or make a determination on the waiver request. It also does not mention the April 12, 2000 meeting between Mr. Bronstein and the SSA's Mr. Rodriguez or otherwise indicate that any kind of conference or hearing was conducted by Ms. Nordman or anyone else in connection with Mr. Bronstein's requests. The notice does inform Mr. Bronstein that he could appeal the notice of reconsideration by requesting a hearing before an Administrative Law Judge. There is no indication in the record whether Mr. Bronstein has requested such a hearing.

## DISCUSSION

### A. Motion to Dismiss

Section 205(g) of the Social Security Act provides any individual may obtain judicial review in federal district court of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Section 205(h) further provides that "[n]o findings of facts or decision of the [Secretary] shall be reviewable ... except as provided herein." *Id.* § 405(h). The SSA argues dismissal is required because there is no "final decision" for purposes of section 205(g) in this case as a result of Mr. Bronstein's failure to exhaust the three-step SSA administrative appeals process ordinarily necessary to obtain a final, judicially reviewable SSA decision. *See Bowen v. City of New York,* 476 U.S. 467, 482, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); 20 C.F.R. § 416.1400(a) (defining an SSI "final decision" for purposes of judicial review).

The SSA is correct, of course, that exhaustion of this administrative appeals process is required before a reviewable "final decision" exists with respect to the SSA's initial overpayment determination. The subject of Mr. Bronstein's suit, however, is not this determination but rather the SSA's decision to recoup the alleged overpayment of SSI benefits before providing the hearing (formal conference) Mr. Bronstein requested in his requests for reconsideration or waiver of recovery of the overpayment.

In *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), the Supreme Court considered a nearly identical agency decision and concluded it had jurisdiction to review that decision pursuant to section 205(g) of the Act. In that case, the central question was whether the then administrator of the Social Security program, the Department of Health, Education and Welfare (HEW), was required to provide recipients of Title II old age, survivors and disability insurance (OAS-DI) benefits with an opportunity for a hearing before beginning recoupment of an alleged overpayment. *Id.* at 684, 99 S.Ct. 2545. Most of the named plaintiffs had not exhausted the administrative appeals process. *See Elliott v. Weinberger,* 564 F.2d 1219, 1224–25 (9th Cir.1977), *aff'd in part & rev'd in part sub nom. Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). The lower courts relied primarily on the mandamus statute, 28 U.S.C. § 1361, to find jurisdiction to review plaintiffs' claim to the right to prerecoupment hearing. *See Yamasaki,* 442 U.S. at 688–91, 99 S.Ct. 2545. The Court did not address this jurisdictional basis, however,[5] and instead ac-

---

5. The Supreme Court has repeatedly declined to decide whether section 205(h) of the Act bars mandamus jurisdiction over claims arising under the Act. *See, e.g., Your Home Visit-*

cepted HEW's concession that the requirements of section 205(g) jurisdiction were satisfied because each of the named plaintiffs had been subject to recoupment even though each had sought reconsideration of overpayment determinations or waiver of recovery of the excess payments. *Id.* at 703 & n. 15, 99 S.Ct. 2545. According to the Court, the "final decision" giving rise to jurisdiction under section 205(g) was HEW's decision not to provide a prerecoupment hearing to the plaintiffs and other beneficiaries who had filed such requests. *Id.* at 704, 99 S.Ct. 2545. Although the Court did not explain its determination of section 205(g) jurisdiction, it presumably concurred with the Ninth Circuit that section 205(g) jurisdiction existed in these circumstances under the rule, first stated in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), that exhaustion of SSA administrative remedies is not required to obtain a reviewable "final decision" when a constitutional claim is collateral to plaintiff's claim for benefits and full relief cannot be obtained at a post-deprivation hearing. *See Elliott,* 564 F.2d at 1225 n. 8a (noting section 205(g) jurisdiction was available for named plaintiffs pursuant to *Mathews,* 424 U.S. at 328–32, 96 S.Ct. 893); *Yamasaki,* 442 U.S. at 691, 99 S.Ct. 2545 (referencing *Elliott* conclusion); *see also Bowen v. City of New York,* 476 U.S. 467, 482–86, 106 S.Ct. 2022, 90 L.Ed.2d

462 (1986) (discussing and applying *Mathews* doctrine).[6]

■ As in *Yamasaki,* the "final decision" at issue in this case is the SSA's decision to begin recouping the alleged overpayment to Mr. Bronstein without providing an opportunity for a prerecoupment hearing, or in this case even making a prerecoupment determination, on his requests for reconsideration and/or waiver of recovery of the alleged overpayment. Accordingly, as in *Yamasaki,* I have jurisdiction to review this final decision pursuant to section 205(g).

In the alternative, I find jurisdiction under the mandamus statute to consider the SSA's duty to provide an opportunity for a prerecoupment hearing or to make a prerecoupment determination when reconsideration and/or waiver have been requested. *See, e.g., Elliott,* 564 F.2d at 1225–27; *see Dockstader v. Miller,* 719 F.2d 327, 329 (10th Cir.1983) (federal courts have mandamus jurisdiction to hear cases alleging statutory and constitutional rights to notice and hearing before removal of benefits); *Martinez v. Richardson,* 472 F.2d 1121, 1125 (10th Cir.1973) (upholding mandamus jurisdiction to hear constitutional challenge to SSA-predecessor procedures).

## B. Plaintiff's Motion for Joinder of Claims

■ In this motion, Mr. Bronstein alleges the SSA unlawfully resumed withhold-

---

*ing Nurse Servs., Inc. v. Shalala,* 525 U.S. 449, 456 n. 3, 119 S.Ct. 930, 142 L.Ed.2d 919 (1999).

**6.** On the merits, the Supreme Court unanimously held that OASDI recipients who file a written request for waiver are entitled to the opportunity for a prerecoupment hearing but that those who seek only reconsideration are not entitled to such a hearing. 442 U.S. at 695–97, 99 S.Ct. 2545. The Court did not consider whether recoupment was permitted when a hearing had been properly requested in connection with a reconsideration request.

It also did not consider whether recoupment could lawfully begin before determination on a pending request for reconsideration or waiver, as it reported and relied upon HEW's policy of deferring recoupment until after making a determination on such requests. *See* 442 U.S. at 686–87, 695–96, 99 S.Ct. 2545. Other courts have relied on *Yamasaki* to hold prerecoupment hearings or conferences are required when waiver of recovery of an SSI overpayment is requested. *See Page v. Schweiker,* 571 F.Supp. 872 (M.D.Pa.1983), *aff'd,* 786 F.2d 150 (3rd Cir.1986).

ing from his SSI payment on June 29, 2001 and seeks to add a claim regarding these recently withheld benefits to this action. I find it is unnecessary for Mr. Bronstein to seek joinder or to amend his complaint in order to pursue recovery of these benefits in this action. The relief sought by Mr. Bronstein in his complaint includes SSI benefits unlawfully withheld by the SSA from April through June, 2000, and a determination that "future deductions should not be made in the absence of a hearing." This language is sufficient for Mr. Bronstein to seek recovery of any past or future SSI benefits the court ultimately finds were improperly withheld to recoup the alleged overpayment.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Motion to Dismiss, Docket # 21, is DENIED and Plaintiff's Motion for Joinder of Claims, # 36, is DENIED as moot.

Furthermore, given the amount of time and energy devoted to ruling on these motions, it is more efficient for me to retain jurisdiction over this case. Therefore, this case is ORDERED transferred from the AP docket and shall now be numbered 00–K–1223.